UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| EDWARD M. HAMPTON, | ) |
| --- | --- |
| Petitioner, | ) |
| vs. | ) No. 1:16-cv-02688-TWP-TAB |
| INDIANA PAROLE BOARD,[1] | ) |
| Respondent. | ) |

**Entry Granting Motion to Dismiss**

Petitioner Edward M. Hampton brought this action under 28 U.S.C. § 2254 to challenge a prison disciplinary proceeding in which he lost 90 days' earned credit time and was demoted from credit class I to credit class II. Respondent moves to dismiss the Petition as moot because Hampton has since obtained a sentence modification, been released from prison, and had his sentence discharged. Hampton has not responded to the motion to dismiss. For the following reasons, the Motion to Dismiss [dkt 11] is **GRANTED**.

**Background**

Hampton is in the custody of the Indiana Parole Board, currently serving parole on a Class B felony burglary conviction for which he was originally sentenced to 10 years' imprisonment. His parole began on July 30, 2015. He was not released from prison on that date because he had yet to serve his sentence for a separate conviction for possession of methamphetamine.

---

[1] The Indiana Parole Board is substituted for the Indiana State Prison, because Hampton is currently in the Parole Board's custody. See Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases; *Bridges v. Chambers*, 425 F.3d 1048, 1050 (7th Cir. 2005) (proper respondent in section 2254 action is state official who has custody of offender); see also *Jones v. Cunningham*, 371 U.S. 236 (1963) (a person on parole is "in custody" of the parole board for purposes of habeas corpus).

At the time of the disciplinary proceeding challenged in the petition, Hampton was serving a 10-year sentence for Class B felony methamphetamine possession. The effective sentence start date for the 10-year methamphetamine possession sentence was May 5, 2015. At the time Hampton started serving that sentence, his projected parole release date for that sentence was May 4, 2020.

Hampton was charged with offense B-208, security threat group activity on July 18, 2016. At the disciplinary hearing held on August 2, 2016, Hampton was found guilty and sanctioned with 90 days' lost earned credit time and a demotion from credit class I to credit class II. After the discipline was imposed, Hampton's projected release date was extended from May 4, 2020, to October 3, 2021. On October 31, 2016, Hampton was promoted back to credit class I. This action moved forward Hampton's projected release date from October 3, 2021, to July 10, 2020.

Meanwhile, Hampton had filed a petition for post-conviction relief and a motion for sentence modification in state court. The state court conducted a hearing on November 1, 2016, and on November 23, 2016, issued an order denying the petition for post-conviction relief but granting the motion for sentence modification. The state court modified and reduced Hampton's sentence to time served as of November 23, 2016. Pursuant to the state trial court's order, Hampton was released from prison that day and his sentence for possession of methamphetamine was discharged. Hampton currently remains on parole for the burglary sentence.

## Discussion

The respondent argues that because the state court modified Hampton's sentence for methamphetamine possession, his disciplinary challenge in this case is moot.

"A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). "In general a case becomes moot when the issues presented are no longer live or the parties lack a legally

cognizable interest in the outcome." *Id.* (citation and quotation marks omitted). A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." Therefore, a habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001).

At the time Hampton was charged with security threat group activity in July 2016, he was serving a 10-year sentence for possessing methamphetamine. Before the discipline, his projected release date from that sentence was May 4, 2020. The discipline resulted in the extension of his projected release date to October 3, 2021. Because Hampton later received a credit class promotion, his projected release date moved up to July 10, 2020. Then, on November 23, 2016, the state court modified Hampton's sentence to time served as of that date. Hampton was released from prison and his sentence for possession of methamphetamine was discharged. In other words, Hampton was released from prison about three-and-a-half years before May 4, 2020, his projected release date prior to the discipline. The disciplinary sanctions thus had no effect on Hampton's release date from his sentence for possession of methamphetamine. Further, while Hampton is currently on parole, he is on parole for the burglary sentence. That parole period began before the disciplinary conviction and the disciplinary conviction thus had no effect on the length of his parole. In short, even if Hampton were granted relief in this case, that relief would have no effect on his custody. This action is therefore moot.

## Conclusion

For the foregoing reasons, the respondent's Motion to Dismiss [dkt 11] is **GRANTED**. This action is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Date: 2/17/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

EDWARD M. HAMPTON
988987
2540 1/2 Weisser Park Ave.
Fort Wayne, IN 46803

Aaron T. Craft
INDIANA ATTORNEY GENERAL
aaron.craft@atg.in.gov